UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROGER D. MAGEE                          CIVIL ACTION

VERSUS                                  NO. 14-1986

WALTER P. REED, ET AL.                  SECTION "B"(1)

ORDER AND REASONS

## I.    NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendant's, Jerry Wayne Cox ("Cox"), "Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) or, Alternatively, for Summary Judgment" (Rec. Doc. 39) and Plaintiff's responsive pleadings thereto (Rec. Doc. 50). Defendant Cox seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claims for false arrest, excessive force, and free speech retaliation as well as for Plaintiff's Louisiana state law claims for battery and excessive force. In the alternative, Defendant seeks summary judgment.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that, commencing on or about 2010 through April or May of 2012, he provided information to the Federal Bureau of Investigation ("FBI"), concerning Jerry Wayne Cox ("Cox"), a Pentecostal Preacher and Minister in Franklinton, Louisiana, and his actions with respect to insurance claims for property damage and his relationship with Walter Reed ("Reed"), the former District Attorney for Tammany Parish. (Rec. Doc. 23

at 6). Plaintiff alleges that Cox and Reed had a business relationship that involved a personal injury "joint venture" that helped support expensive lifestyles led by both men. (Rec. Doc. 23 at 7). Plaintiff alleges that Reed and Cox were concerned about Plaintiff's discussions with the FBI because it could lead to the discovery of the underreporting of income and tax fraud related to the personal injury settlement proceeds. (Rec. Doc. 23 at 7). During the first weekend in August of 2012, Plaintiff alleges that Cox informed him that he was aware that Plaintiff was communicating with the FBI and threatened that "if and when [Plaintiff] crossed state lines [into Louisiana], Reed [would] handle [him]." (Rec. Doc. 23 at 8).

On or about October 25, 2012, an Order for Body Attachment concerning unpaid child support was filed in the matter entitled *Crystal Magee v. Roger G. Magee*. (Rec. Doc. 23 at 9).[1] The Order allowed Plaintiff to make payments to the Office of Child Support Enforcement in Conway, Arkansas, which forwarded the payments to Louisiana where the child was domiciled. (Rec. Doc. 23 at 9). Due to Plaintiff's filing for Social Security Disability benefits, an Order to Recall Body Attachment ("Recall Order") was signed by the Circuit Court of Faulkner County on July 12, 2013. (Rec. Doc. 23 at 10). Plaintiff alleges that the issuance of the above Order for Body Attachment was orchestrated

---

[1] *See also Crystal Magee v. Roger D. Magee*, No. DR 2010-1066 (Circuit Court of Faulkner County Arkansas, Fourth Division).

by Reed, through his connections with the District Attorney's Office, and Cox. (Rec. Doc. 23 at 10). Plaintiff further alleges that Randy "Country" Seal ("Seal"), as Sheriff of Washington Parish, Cox, and Reed had knowledge of the Recall Order. (Rec. Doc. 23 at 10).

On March 28, 2014, Plaintiff traveled from Arkansas to his aunt's home in Louisiana to visit with his family. (Rec. Doc. 23 at 11). Within minutes of his arrival, Plaintiff alleges that at least five units of police officers converged upon the residence, descending upon the house and rear patio. (Rec. Doc. 23 at 12). Plaintiff alleges that some or all of the officers had their weapons drawn (removed from their holsters or "leather"). (Rec. Doc. 23 at 12). He alleges that he then stated that, if this had to do with child support payments, he was "in compliance" with the state of Arkansas and could show the officers the Recall Order that relieved Plaintiff of his obligations due to his disabilities. (Rec. Doc. 23 at 12). As he proceeded toward the doors to retrieve the Recall Order, Plaintiff alleges he was "rushed by the officers," and tased in his back, which caused him to crash headfirst onto the concrete floor. (Rec. Doc. 23 at 13). Plaintiff was then handcuffed and allegedly tased again. (Rec. Doc. 23 at 13).

As a result of the above, Plaintiff alleges that he suffered severe traumatic brain injury, experienced a number of

symptoms while incarcerated, and injured his left foot, left
knee, and left shoulder. (Rec. Doc. 23 at 13). Plaintiff did not
know the full extent of his brain injury at the time he filed
his complaint and was still undergoing testing. (Rec. Doc. 23 at
13). After Plaintiff was booked, he was incarcerated at the
Washington Parish Jail where he alleges black mold covered the
walls and ceilings and he was forced to sleep on the floor due
to overcrowding, which he further alleges is a policy of the
Washington Parish Jail. (Rec. Doc. 23 at 15-16). Plaintiff also
alleges that he was denied medical treatment for his various
injuries, and that, although he made it clear that he required
daily insulin injections due to chronic injuries, he was denied
insulin for three to four days at a time. (Rec. Doc. 23 at 16).

During his ninety-seven (97) days of incarceration,
Plaintiff alleges that he requested bail through his family and
criminal defense counsel, and those requests were refused due to
a "DA hold." (Rec. Doc. 23 at 18). On July 7, 2014, Plaintiff
was released from Washington Parish Jail on the condition that
he plead guilty to a violation of La. Rev. Stat. § 14:75
(Failure to Pay Child Support) and La. Rev. Stat. § 14:108
(Resisting an Officer). (Rec. Doc. 23 at 18). In exchange for
his plea agreement and agreement to pay restitution, Plaintiff
was given probation for a period of five (5) years. Plaintiff
has since filed a notice of appeal. (Rec. Doc. 23 at 18).

Plaintiff asserted causes of action against various Washington Parish employees, Reed, in his official capacity as District Attorney for Washington Parish and in his personal capacity, and Cox.[2] The allegations against the Defendants are as follows: under 42 U.S.C. § 1983, Plaintiff brings an action for false arrest/excessive force against all Defendants except Defendant Jim Miller, Warden of the Washington Parish Jail; for procedural due process violations/false imprisonment against Defendants Seal and Reed; free speech retaliation against Defendants Cox, Reed, and Seal; and conditions of confinement against Defendants Seal, Haley, and Miller. (Rec. Doc. 23 at 19-27). Additionally under 42 U.S.C. § 1983, Plaintiff alleges *Monell* municipal violations against Defendant Reed and against Defendant Seal. (Rec. Doc. 23 at 30-32). Finally, Plaintiff alleges a Louisiana state law claim for battery and excessive force against all Defendants (including the Washington Parish officers involved in the arrest). (Rec. Doc. 23 at 33).

Plaintiff filed suit in this Court on August 29, 2014, establishing jurisdiction pursuant to 28 U.S.C. § 1331. (Rec. Doc. 1). On August 19, 2015, this Court granted Defendant Reed's Motion to Dismiss all claims against him. (Rec. Doc. 37). On October 20, 2015, this Court dismissed all claims against

---

[2] Plaintiff also brought causes of action against Walter Reed, in his official capacity as District Attorney for Washington Parish and in his personal capacity, but those claims were dismissed subject to this Court's Order granting Defendant Reed's Motion to Dismiss. (Rec. Doc. 37).

5

Defendants Seal, Miller and the other Washington Parish employees, except for Plaintiff's excessive force claims. (Rec. Doc. 49). As such, much of this Court's analysis in considering the instant motion is governed by its review in those Orders.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** and Plaintiff's claims against Defendant Cox are **DISMISSED WITH PREJUDICE**, as stated more fully herein.

### III. JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A motion to dismiss allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the movant pleads factual content that allows the court to draw the reasonable inference that the nonmovant is liable for the misconduct alleged. *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

7

**IV.   SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses,

admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616 (5th Cir. 1994). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## V.   DISCUSSION

Defendant seeks dismissal of Plaintiff's 42 U.S.C. § 1983 claims for false arrest, excessive force, and free speech retaliation as well as for Plaintiff's state law claims for battery and excessive force. This Court will briefly discuss all of these claims, but notes that the free speech retaliation claim is the only one at issue, as Plaintiff did not oppose any of Defendant Cox's other arguments.

**A. Claims under 42 U.S.C. § 1983 for False Arrest and False Imprisonment**

For the same reasons as outlined in this Court's prior Orders (Rec. Docs. 37, 49), these claims against Cox cannot prevail, and Plaintiff does not oppose dismissal in his opposition. Specifically, Plaintiff's causes of action under 42 U.S.C. § 1983 for false arrest and false imprisonment are *Heck*-barred.

In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994). *Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated, also known as the "favorable termination requirement." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if

specific factual allegations in the complaint are necessarily
inconsistent with the validity of the conviction." *Id*. at 498
(*quoting McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006));
*see also Connors v. Graves*, 538 F.3d 373, 376-77 (5th Cir.
2008). This is because "factual assertions in pleadings are . .
. judicial admissions conclusively binding on the party that
made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105,
108 (5th Cir. 1987) (alterations and citation omitted).

    To prevail on his false arrest and false imprisonment
claims, Plaintiff would have to show that there was not probable
cause to arrest him. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653,
644 (5th Cir. 2004)("To ultimately prevail on his § 1983 false
arrest/false imprisonment claim, [plaintiff] must show that [the
officer] did not have probable cause to arrest him."); *see also
Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).
Generally, where a plaintiff was arrested for crimes of which he
was ultimately convicted, *Heck* bars recovery for false arrest
and false imprisonment,[3] because the conviction necessarily
implies that there was probable cause for the arrest. *Walter v.
Horseshoe Entm't*, 483 F. Appx 884, 887-88 (5th Cir. 2012).
Because Plaintiff pled guilty to the charges of resisting arrest
and failure to pay child support, his claims are barred by *Heck*.

---

[3] It also bars recovery for free speech retaliation, as will be discussed,
*infra*.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** so that Plaintiff's claims for false arrest and false imprisonment are **DISMISSED WITH PREJUDICE.**

**B. Claims under 42 U.S.C. § 1983 for Free Speech Retaliation**

Plaintiff's free speech retaliation claim is similarly *Heck*-barred, as was stated in this Court's previous Orders (Rec. Docs. 37, 49). To prevail on his free speech retaliation claim, Plaintiff would have to show that there was not probable cause to arrest him. *Hartman v. Moore*, 547 U.S. 250, 252 (2006) (holding that want of probable cause to support the underlying criminal charge must be alleged and proven for a First Amendment violation to be actionable). Where a plaintiff was arrested for crimes of which he was ultimately convicted, *Heck* bars recovery for free speech retaliation because the conviction necessarily implies that there was probable cause for the arrest. *Walter*, 483 F. Appx at 887-88. Because Plaintiff pled guilty to the aforementioned charges, his claims are barred by *Heck*.

Plaintiff now seeks to dodge *Heck* by restructuring his argument in his opposition to suggest that Defendant Cox's threats directed at Plaintiff, as opposed to Plaintiff's arrest, are the acts constituting retaliation. (Rec. Doc. 50 at 4-5). Plaintiff attempted this same strategy in his previous

12

opposition to a motion to dismiss,[4] and the Court rejects this attempt for the same reasons and adopts its prior analysis.

Plaintiff's current theory for recovery was not alleged in Plaintiff's Amended Complaint, which relies on the arrest as the relevant retaliation. As this Court has already concluded twice, the Amended Complaint failed to state a claim for free speech retaliation upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). This Court does not find that Plaintiff's new claim should be considered so as to potentially alter this conclusion; moreover, the "new" claim as raised now appears to be fruitless and unwarranted.

When a claim is raised for the first time in response to a motion, this Court must construe that claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a). *See Riley v. Sch. Bd. Union Parish*, 379 Fed. Appx. 335, 341 (5th Cir. 2010) (citing *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)). While Fed. R. Civ. P. 15(a) evinces a liberal amendment policy, *see Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998), leave to amend is not automatic and is within the sound discretion of the trial court. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.

---

[4] In Plaintiff's opposition to the motion to dismiss filed by the Washington Parish officers and employees, Plaintiff argued that the extreme use of force, as opposed to the arrest, was the action constituting retaliation. (Rec. Doc. 41 at 10-11).

1981). In exercising its discretion, the Court may consider factors such as the repeated failure to cure deficiencies by amendments previously allowed and undue prejudice to the opposing party by virtue of allowance of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Here, the Court finds that such an amendment is not warranted. Plaintiff was given the opportunity to introduce this allegation in his Amended Complaint (Rec. Doc. 23), as well as in his two prior oppositions (Rec. Docs. 30, 41). Plaintiff only now, after the issuance of this Court's Order granting the other Defendants' motions to dismiss, brings up this alternate theory for recovery. Contrary to Plaintiff's statement that he could amend without any prejudice to Cox[,]" allowing Plaintiff to amend his complaint at this time would unfairly prejudice Defendant Cox. For this reason, the Court declines to consider Plaintiff's most recent claims and again concludes that Plaintiff's free speech retaliation claim does not provide factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Finally, while the Court need not take a stance on whether Plaintiff's "new" claim would prevail if asserted initially, the Court notes that the alleged threats do not at first glance appear to meet the threshold for restricting "a person of ordinary firmness from continuing to" speak, even under the law

cited by Plaintiff which states that the curtailment "need not be great in order to be actionable." *Keenan v. Tejeda*, 290 F.3d 252, 258-59 (5th Cir. 2002) (citations omitted). Plaintiff admits that in *Keenan*, "the Fifth Circuit held that several incidents with an 'undercurrent of violence,' which included being stopped by officers and being detained, were sufficiently chilling to satisfy the second element." (Rec. Doc. 50 at 5) (quoting *Keenan*, 290 F.3d at 259). Plaintiff's new allegations against Defendant Cox make no mention of threats of violence, nor do they refer to Plaintiff being stopped or detained for any unlawful reason. Consequently, this Court fails to recognize how this claim could prevail, even if accepted.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** so that Plaintiff's claim for free speech retaliation is **DISMISSED WITH PREJUDICE.**

### C. Claims under 42 U.S.C. § 1983 for Excessive Force

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation

15

alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Because Plaintiff's excessive force claim deals with actions of the officers who effectuated the Plaintiff's arrest and Defendant Cox was not present at the time of the arrest, Defendant is not "causally connected" to Plaintiff's excessive force claim. Thus, the claim is not one upon which relief can be granted, making dismissal proper.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** so that Plaintiff's claim for excessive force is **DISMISSED WITH PREJUDICE**.

### D. Louisiana State Law Claims for Battery and Excessive Force

This Court previously determined that Plaintiff's state law claims for battery and excessive force warrant dismissal because they are unreasonably duplicative with Plaintiff's excessive force claims under 42 U.S.C. § 1983, and merely state an alternate theory of recovery. An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Plaintiff's intentional tort claims of assault and battery under state law are essentially the same as his claims under 42 U.S.C. § 1983, and thus warrant dismissal.

Therefore, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's state law claims for battery and excessive force such that they are **DISMISSED WITH PREJUDICE.**

## VI.  CONCLUSION

As previously stated, Defendant Cox's Motion must be granted for the same reasons as outlined in this Court's prior Orders (Rec. Docs. 37, 49). Additionally, because Plaintiff does not contest the majority of Defendant's Motion, the Court holds that there is even more reason to grant it.

As such, **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings is **GRANTED** and all of Plaintiff's claims against Defendant Cox are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 28th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE