UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROGER D. MAGEE**                                        **CIVIL ACTION**

**VERSUS**                                                **NO. 14-1986**

**WALTER P. REED, ET AL.**                                **SECTION "B"(1)**

### ORDER AND REASONS

Considering the "Joint Motion for Reconsideration of the Denial of Ex Parte/Consent Motion to Continue Trial and Pre–Trial Deadlines" (Rec. Doc. 70),

**IT IS ORDERED** that the pre-trial conference presently scheduled for December 15, 2016 and the trial presently scheduled to begin January 23, 2017 are hereby **CONTINUED.**

**IT IS FURTHER ORDERED** that the parties are to confer and submit a proposed scheduling order no later than **Tuesday, December 6, 2016.** The proposed scheduling order shall include proposed dates for all pretrial deadlines, a pretrial conference, and a trial date. However, the parties are notified that pretrial conferences in this Section are preferably held on Wednesdays, between 10:00 a.m. and 11:30 a.m., and lastly on Friday mornings. Due to other constraints on the Court's calendar, a March 27, 2017 trial date is suggested.

**IT IS FURTHER ORDERED** that the motion for reconsideration (Rec. Doc. 70) is **DISMISSED AS MOOT.**

"The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration." *Jenkins v. Bristol-Myers Squibb*, No. 14-2499, 2016 WL 5874984, at *5 (E.D. La. Oct. 7, 2016) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Nonetheless, "[a] motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order or proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at *3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). The determination of which rule applies turns on the timing of the motion. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b)." *In re FEMA*, 2011 WL 6130788 at * 3 (internal citations omitted).

Here, the Order at issue was filed on November 9, 2016 (Rec. Doc. 69) and the motion for reconsideration was filed on November 11, 2016 (Rec. Doc. 70). Thus, the motion for reconsideration shall be considered under Rule 59.

A motion for reconsideration under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present

2

newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal citations and quotation marks omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, (E.D. La. 2000)). Accordingly, "[d]istrict courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Jenkins*, 2016 WL 5874984, at *5 (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

The original scheduling order in this case set trial for February 29, 2016. Rec. Doc. 20. However, the case was administratively closed on December 9, 2015, pending the resolution of appeals taken by Plaintiff. Rec. Doc. 58. After the Fifth Circuit determined that the appeals were premature (Rec. Doc. 59), the case was reopened on March 17, 2016 (Rec. Doc. 63). Thereafter, a pre-trial conference was scheduled for December 15, 2016 and a trial was set for January 23, 2017. Rec. Doc. 64.

In their motion to continue, filed on November 2, 2016, the parties simply stated that they "cannot fully complete discovery in this matter as the witnesses who need to be deposed are numerous; the parties have become aware that plaintiff's medical

3

records are unexpectedly voluminous[;] [and] plaintiff's counsel resides in Los Angeles, California, a circumstance that has made scheduling difficult . . . ." Rec. Doc. 68 at 1-2. In the proposed order submitted to the Court, the parties requested that the trial and pre-trial deadlines be continued for some unknown period, to be reset by a scheduling conference. Rec. Doc. 68-1. This Court denied the motion, noting that the parties failed to explain why discovery, particularly depositions, had not been completed. Rec. Doc. 69.

In their motion for reconsideration, the parties do not establish a manifest error of law or fact, nor do they present newly discovered evidence. Instead, the parties describe in greater detail the alleged need for a continuance. Specifically, they claim that it has been difficult to schedule meetings and depositions with all eight remaining defendants; Plaintiff's counsel resides in Los Angeles, California and had two trials scheduled during October; deposition notices for the six defendants who have yet to be deposed have been issued and the parties are trying to schedule these depositions for the first week in December; depositions of the parties' experts "will be scheduled as soon as possible"; and "there were more health care providers and far more medical records than expected . . . ." Rec. Doc. 70 at 2-3. These details could, and should, have been provided to the Court before the judgment issued. *See Schiller*, 342 F.3d at

4

567. Nonetheless, the parties also suggest that if they "can complete the extensive, necessary discovery in this case, resolution through summary judgment or settlement would be greatly facilitated." *Id.* at 3. Perhaps most significantly, unlike the original motion to continue, the parties clarify that they are only requesting an extension of 60 days. *Id.* Accordingly, this Court is willing to grant a short continuance.

New Orleans, Louisiana, this 21st day of November, 2016.

                                                 _____
                                                 SENIOR UNITED STATES DISTRICT JUDGE