## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROGER D. MAGEE** | * | **CIVIL ACTION NO. 14-1986** |
| | * | |
| **VERSUS** | * | **SECTION: B** |
| | * | **Judge Ivan L. R. Lemelle** |
| **WALTER P. REED, ET AL** | * | |
| | * | **MAGISTRATE: 1** |
| | * | **Magistrate van Meerveld** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT WALTER P. REED'S, IN HIS FORMER OFFICIAL CAPACITY,
FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND
REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Roger D. Magee,

("Plaintiff") who hereby responds to Defendant Walter P. Reed's, in his former official capacity,

("Defendant") First Set of Requests for Admissions, Interrogatories and Requests for the

Production of Documents, as follows:

## PRELIMINARY STATEMENT

Plaintiff has not yet completed his investigation of the facts relating to this action, has not

yet completed his discovery in this action, and has not yet completed his preparation for trial.

Accordingly, the following responses are given without prejudice to his right to produce, at a later

time or at time of trial, subsequently discovered evidence relating to the proof of facts subsequently

discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be

implied or inferred. Further, all responses must be construed as being given on the basis of present

recollection and/or based on documents and information currently available to Plaintiff.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Requests for Admission, Interrogatories, and/or Requests for Production to the extent they request information that is equally or more available to Defendant.

2.      Plaintiff further objects to the Requests for Admission, Interrogatories, and/or Requests for Production to the extent they request attorney-client privileged information and/or matters protected by the attorney work-product doctrine.

**FIRST SET OF REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSIONS NO. 1**

Please admit that you had no communications with representatives of the Federal Bureau of Investigation (or "FBI") regarding Walter P. Reed prior to your release from the Washington Parish Jail on July 7, 2014.

**RESPONSE**

Denied.

**REQUEST FOR ADMISSIONS NO. 2**

Please admit no Assistant District Attorney was present at the 72 hour hearing held on March 31, 2014.

**RESPONSE**

Plaintiff can neither admit nor deny this request as discovery is ongoing and Plaintiff has not yet completed his investigation. To the extent further response is required of Plaintiff, Plaintiff responds as follows:

Denied.

**REQUEST FOR ADMISSIONS NO. 3**

Please admit you hired attorney John Allen to represent you in connection with your March 28, 2014 arrest.

**RESPONSE**

Denied as stated. John Allen was retained at some point, however, Plaintiff did not do so directly.

**REQUEST FOR ADMISSIONS NO. 4**

Please admit Commissioner Dan Foil appointed an indigent defender to represent you at the 72 hour hearing held on March 31, 2014.

**RESPONSE**

Plaintiff objects to this Request insofar as it calls for a legal conclusion. Plaintiff further objects to this Request as vague and ambiguous insofar as it fails to identity with specificity the counsel appointed. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Admitted insofar as Commissioner Dan Foil appointed the Office of the Indigent Defendant to represent Plaintiff on or about March 31, 2014. Plaintiff otherwise denies this Request.

**REQUEST FOR ADMISSIONS NO. 5**

Please admit your attorney John Allen did not attend the 72 hour hearing held on March 31, 2014 on your behalf.

**RESPONSE**

Denied as stated.

**REQUEST FOR ADMISSIONS NO. 6:**

Please admit your attorney John Allen did not attend any hearing on your behalf relating to your March 28, 2014 arrest.

**RESPONSE**

Denied as stated. Plaintiff admits that, as far as he is aware, Mr. Allen did not attend any hearing relating to the criminal proceedings following his arrest on March 28, 2014.

**REQUEST FOR ADMISSIONS NO. 7**

Please admit you made no child support payments between September 13, 2011 and March 28, 2014 inclusive.

**RESPONSE**

Plaintiff objects to this Request insofar as it seeks information that is irrelevant and immaterial to the subject matter of the remaining claims in this lawsuit.

**FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1**

Please provide the following:

a.     your full legal name, and any aliases or nicknames ever used by you;

b.     your date of birth;

c.     your place of birth;

d.     your social security number;

e.     your marital status (including full names of each spouse, and dates of all marriages, dates of termination);

f.     the names and dates of birth of all children, natural and adopted;

4

g.    current address and previous residence addresses for the past ten years, indicating dates for each;

h.    the names and addresses of every high school, college, vocational and professional school you have attended, showing beside each whether you graduated or received any degree or certification, and the dates of attendance;

i.    your full employment history, including the names and addresses of each and every employer, dates of employment by each, whether employment was full or part-time, a description of the position and its duties, the average number of weekly hours worked, and approximate wage or salary per hour, week or annum. For any period of self-employ, please identify the custodian of and location of all financial records related to such business pursuit.

**<u>ANSWER</u>**

Plaintiff objects to this Interrogatory insofar as it is unduly burdensome, invasive of privacy rights, insofar as the information called for in subparts (a), (b), (d), and (e) is already in the possession of Defendant, and insofar as the information called for in subparts (c), (e), (f), (g), (h), and (i) is invasive of privacy rights and not relevant to the claims or defenses still extant in this matter. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff, Roger Dale Magee can be contacted through counsel Philip J. Kaplan and/or Dylan T. Leach whose contact information is provided in the signature block herein. Plaintiff's current address is 1073 Hwy 38 E, Tylertown, MS. Plaintiff's date of birth and social security number are set forth in the documents produced by Defendant. Plaintiff is married to Jennifer Magee. Plaintiff is currently unemployed. Plaintiff had four (4) children with Crystal Magee,

namely:  Allison J. Magee (DOB: 06/19/2002); Brooklyn F. Magee (DOB: 1/9/1997); Lacey

Magee (DOB: 5/29/1995); and Andrew Magee (DOB: 6/17/1992).

## INTERROGATORY NO. 2

Please identify all representatives of the FBI you allegedly provided information to with

the "several years" you reference in ¶ 4(a) of your First Amended Complaint for Damages,

Declaratory Relief, and Injunctive Relief filed on August 29, 2014 (Rec. Doc.23) (the "Amended

Complaint"), along with the dates of all meetings, calls and/or other communication with same.

## ANSWER

Agent Joe Downey. Plaintiff is presently attempting to locate phone records which may

provide evidence of the dates of communication with Agent Downey.

## INTERROGATORY NO. 3

Please identify the "personal injury referrals" you reference in ¶ 4 of your Amended

Complaint, along with the details of the "settlement of those matters," "issues about how those

case were settled," and "questions about how and to whom settlement proceeds were distributed,"

which you allegedly provided to the FBI.

## ANSWER

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome and insofar

as information is equally or more readily available to Defendant as it is to Plaintiff. Subject to and

without waiving the foregoing objections, Plaintiff answers as follows:

It is known that letters were sent to various pentecostal churches, including Bro. Larry

Pierson and Conway United Pentecostal Church in Conway, Arkansas. Plaintiff will supplement

this response as discovery continues.

**INTERROGATORY NO. 4**

Identify all sources of the quoted excerpts appearing in your Amended Complaint, whether there are recordings of same, and identify the location of same; specifically, those alleged quoted excerpts appearing in:

(a) Paragraph 4(a);

(b) Paragraph 5(a);

(c) Paragraph 22; and

(d) Paragraph 23.

**ANSWER**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome insofar as it calls for identification of "all sources" of quotes appearing in Plaintiff's First Amended Complaint. Plaintiff further objects to this Interrogatory insofar as it calls for the mental impressions of counsel and information protected by work-product. Plaintiff further objects to this Interrogatory insofar as the information sought is as easily available to Defendant as it is to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

The identity of the source or declarant for the quotations appearing in Plaintiff's First Amended Complaint are provided therein.

**INTERROGATORY NO. 5**

Identify all sources of the information you were allegedly "informed" of supporting your allegation in ¶ 5(e) of your Amended Complaint that "Cox, Reed, and Sheriff Seal had knowledge of the above Order to Recall Body Attachment ('Recall Order'), particularly in light of Seal's involvement and partnership with the District Attorney's Office in a 'roundup' of parents who were in arrears on their child support payments during 2013."

7

**ANSWER**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome insofar as it calls for identification of "all sources" of information supporting the allegations in ¶ 5(e) of the First Amended Complaint. Plaintiff further objects to this Interrogatory as premature as discovery is ongoing and Plaintiff has not yet completed his investigation. Plaintiff further objects to this Interrogatory insofar as it calls for the mental impressions of counsel and information protected by work-product. Plaintiff further objects to this Interrogatory insofar as the information sought is as easily available to Defendant as it is to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

The allegations in ¶ 5(e) of the First Amended Complaint speak for themselves.

**INTERROGATORY NO. 6**

Identify all sources of the information you were allegedly "informed" of supporting your allegations in ¶ 5(f) of your Amended Complaint wherein you allege that the issuance of the Recall Order was "was engineered by Reed, through the channels of the District Attorney's Office, and by Cox."

**ANSWER**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome insofar as it calls for identification of "all sources" of information supporting the allegations in ¶ 5(f) of the First Amended Complaint. Plaintiff further objects to this Interrogatory as premature as discovery is ongoing and Plaintiff has not yet completed his investigation. Plaintiff further objects to this Interrogatory insofar as it calls for the mental impressions of counsel and information protected by work-product. Plaintiff further objects to this Interrogatory insofar as the information sought is as

easily available to Defendant as it is to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

The allegations in ¶ 5(f) of the First Amended Complaint speak for themselves.

**INTERROGATORY NO. 7**

Identify all sources of the information you were allegedly "informed" of supporting your allegations in ¶ 5(g) of your Amended Complaint wherein you allege that you were "protected by the Recall Order" issued by the court in Arkansas despite your presence in Louisiana – including the specific person(s) you spoke with and the documents you were provided (if any).

**ANSWER**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome insofar as it calls for identification of "all sources" of information supporting the allegations in ¶ 5(g) of the First Amended Complaint. Plaintiff further objects to this Interrogatory insofar as it calls for the mental impressions of counsel. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

The allegations in ¶ 5(g) of the First Amended Complaint speak for themselves. Plaintiff does not presently recall the identity of the individual within the Office of Child Support Enforcement in Conway, Arkansas.

**INTERROGATORY NO. 8:**

Identify all persons present at the home of Ruby Magee Walley at the time of your arrest on March 28, 2014, including their ages at the time.

**ANSWER**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome insofar as it seeks information as easily available to Defendant as it is to Plaintiff. Plaintiff further objects to

this Interrogatory insofar as it seeks information that is immaterial and unrelated to the claims at issue in this lawsuit, namely the ages of those persons present at the home of Ruby Magee Walley at the time of Plaintiff's arrest on March 28, 2014. Subject to and without waiving these objections, Plaintiff answers as follows:

Arresting officers are believed to include Corbert Hunt, Darren Spears, Michelle Brumfield, Mitchem Nesmith, and Damen Mitchell. Family members present were:  Ruby Magee Walley; Sheree Magee; Robert Magee; Brooklin Magee; Kalvin Magee; Mike Thomas; Andrew Magee; Haden Magee; Jace Magee; and Plaintiff, Plaintiff's wife Jennifer Magee, and their daughter Paris. Family members present who were then under the age of 18 years were:  Brooklin Magee, Haden Magee, Jace Magee, and Paris Magee.

## INTERROGATORY NO. 9

Identify the cell phone number and cell-phone carrier you were using when you allegedly received a call from Jerry Wayne Cox's daughter, Debbie Cox, on the day after your release, as referenced in ¶ 24 of your Amended Complaint.

## ANSWER

Plaintiff is presently searching for cell phone records in his possession and will supplement this answer with such records if and when located. Plaintiff's cell phone carrier was AT&T. Plaintiff's cell phone number was either (501) 314-9354 or (985) 335-4335.

## INTERROGATORY NO. 10

Please identify the full names, last known addresses, telephone numbers and email addresses of all persons whom you may call as a witness at the trial of this matter, including and identifying all expert witnesses (medical or otherwise) in support of your loss of consortium claim, and briefly state the facts and/or opinions to which you anticipate each witness will testify.

## ANSWER

Plaintiff objects to this Interrogatory to the extent it is premature as discovery is ongoing and Plaintiff has not yet determined which witnesses he will or may call at trial. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff will supplement this answer in accordance with the Court's Scheduling Order and applicable rules and procedures. Plaintiff may call any individual identified in any party's Initial Disclosures, Interrogatory Responses and/or Answers, document productions, expert designations, and/or identified in any third-party document production. Plaintiff reserves the right to designate experts in this matter as discovery continues.

## INTERROGATORY NO. 11

Please identify your employers for the last ten (10) years and, for each job, identify the following: (a) the dates of your employment; (b) position(s) held; (c) the nature of work; (d) the name of your supervisor(s); (e) your salary or hourly wage; and (f) the reason(s) for leaving.

## ANSWER

Plaintiff objects to this Interrogatory as unduly burdensome and overly broad insofar as it calls for information over the period of a decade which is not relevant to the claims or defenses still extant in this matter. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff is presently unemployed.

## INTERROGATORY NO. 12

Please identify all members of your "family" and "criminal defense counsel" who you allege "made a number of requests for bail" during the Incident, specifically who refused them,

and who specifically used the phrase "DA Hold" during the Incident as referenced in ¶ 22 of your Amended Complaint.

**ANSWER**

Plaintiff objects to this Interrogatory as vague and ambiguous and overly broad and unduly burdensome insofar as the requested information is equally or more readily available to Defendant as it is to Plaintiff. Plaintiff further objects to this Interrogatory as premature as discovery is ongoing and Plaintiff has not yet completed his investigation. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff is aware of the following individuals:  Walter P. Reed, Leigh Anne Wall, Randy Seal, Jim Miller, Shannon Lyons, Jennifer Barber, David Cupp, Ruby Walley, Sheree Magee, Lisa Miley, Jennifer Magee, Rev. Leon Hickman, Marion B. Farmer, Esq., and James G. Burke, III. There may be other deputies and individuals with knowledge of the "DA Hold." Discovery is continuing. Plaintiff will supplement this answer in accordance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13**

Please state if you have ever claimed to any local, state or federal agency, that you ever suffered from any mental or physical disability, and if so state: (a) what the disability claimed was; (b) the agency/-ies to which you made such claim; (c) the dates each claim was submitted; and (d) the reason(s) you made such claim(s).

**ANSWER**

Plaintiff objects to this Interrogatory insofar as it seeks information that is immaterial and unrelated to the claims and defenses remaining in this lawsuit. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Plaintiff is attempting to locate responsive information. When, and if, so located, this Answer will be supplemented.

## INTERROGATORY NO. 14

Please state if whether you are or have ever been a Medicare beneficiary or eligible to receive Medicare benefits or Medicaid benefits. If your answer is in the affirmative, please state: (a) when you became eligible for Medicare or Medicaid; (b) reason for Medicare or Medicaid eligibility; (c) your HICN No.; (d) have you or anyone on your behalf, including your attorney, contacted the Centers for Medicare & Medicaid Services (CMS) and provided notice of the alleged incident in accordance with 42 C.F.R. Section 411.25; (e) advise the date of the notification given to CMS noted in section d above; and (f) who is your Medicare Advantage Plan provider? If the answer is negative, please identify the dates you applied for Medicaid benefits, along with the dates you received notice of denial of each.

## ANSWER

Plaintiff objects to this Interrogatory insofar as it seeks information that is immaterial and unrelated to the claims and defenses remaining in this lawsuit. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Yes. Plaintiff is attempting to locate responsive information. When, and if, so located, this Answer will be supplemented.

## INTERROGATORY NO. 15

Please state if whether you are or have ever been eligible to receive Social Security Administration ("SSA") disability benefits. If your answer is in the affirmative, please state: (a) date you became eligible for disability; (b) reason for your disability eligibility; (c) your disability claim number; (d) how much do you receive in disability payments monthly? If your answer to the

13

above question is negative, please identify the dates you applied for Medicaid benefits, along with the dates you received notice of denial of each.

**ANSWER**

Plaintiff objects to this Interrogatory insofar as it seeks information that is immaterial and unrelated to the claims and defenses remaining in this lawsuit. Subject to and without waiving the foregoing objections, Plaintiff answers as follows:

Yes. Plaintiff is attempting to locate responsive information. When, and if, so located, this Answer will be supplemented.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Please produce copies of all documents produced to you by any party or non-party, or produced by you, in connection with discovery in this matter following the D.A.'s dismissal, including, without limitation: (1) written discovery requests (including subpoenas and/or subpoenas duces tecum); (2) written discovery responses; (3) all documents produced by you or any party, third-party and/or non-party in response to written discovery requests, oral requests (e.g., during depositions/hearings) and/or subpoenas duces tecum; and (4) deposition transcripts and exhibits thereto.

**RESPONSE**

See written responses and documents produced by Randy Seal, in his official capacity as Sheriff of Washington Parish and in his personal capacity, Mike Haley, Jim Miller, Corbet Hunt, Darren Spears, Michelle Brumfield, Mitchem Nesmith, and Damen Mitchell. Plaintiff is currently gathering additional responsive materials and expects to produce additional responsive documents as they are located.

**REQUEST FOR PRODUCTION NO. 2**

Please produce a copy of the CD produced to you by the Washington Parish Sheriff's Office (the "WPSO") in response to discovery requests propounded herein containing copies of recordings of telephone calls by and between Magee and other persons during the period of his incarceration in the Washington Parish Jail between March 28, 2014 and July 7, 2014.

**RESPONSE**

See Response to Request for Production No. 1. Plaintiff is currently gathering responsive materials. Responsive materials to this Request will be produced when, and if, so located.

**REQUEST FOR PRODUCTION NO. 3**

Please provide a copy of all written, recorded, videotaped, or typed statements you made relating to the incident other than to your attorney.

**RESPONSE**

Plaintiff objects to this Request as overly broad and unduly burdensome insofar as responsive materials are as easily available to Defendant as they are to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is not in possession of non-privileged responsive materials in addition to those produced by Defendant and/or the Washington Parish Sheriff's Office in response to discovery requests propounded herein.

**REQUEST FOR PRODUCTION NO. 4**

All documents and communications identified in your responses to the Interrogatories above.

**RESPONSE**

Plaintiff objects to this Request as it is overly broad and unduly burdensome insofar as responsive materials are as easily available to Defendant as they are to Plaintiff. Plaintiff further objects to this Request insofar as it calls for the mental impressions of counsel. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is not aware of any responsive documents in his possession that have not or will not be produced in response to other Requests herein. If and when Plaintiff locates such non-privileged, responsive materials in addition to those produced in response to other requests herein, Plaintiff will produce such documents.

**REQUEST FOR PRODUCTION NO. 5**

All documents and communications identified in your Amended Complaint.

**RESPONSE**

Plaintiff objects to this Request as unduly burdensome insofar as responsive documents are as easily available to Defendant as they are to Plaintiff and as overly broad insofar as various claims within the First Amended Complaint have already been resolved in this proceeding. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is attempting to determine if there are responsive materials in his possession in addition to those produced in response to other requests herein. If and when Plaintiff locates such non-privileged, responsive materials in addition to those produced in response to other requests herein, Plaintiff will produce such documents.

**REQUEST FOR PRODUCTION NO. 6**

Please produce copies of all communications between you and/or your representatives, and the FBI during the relevant period, including all documents produced by you to the FBI (if any) and all documents received by you from the FBI (if any).

**RESPONSE**

Plaintiff objects to this Request as vague and ambiguous as "representatives" is undefined. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff did not provide documents to or receive documents from the FBI.

**REQUEST FOR PRODUCTION NO. 7**

Please produce of all communications between you and Ruby Magee Walley during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**

Please produce recordings of all conversations between you and defendant Ruby Magee Walle during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

Please produce of all communications between you and Walter P. Reed during the relevant period.

**RESPONSE**

Plaintiff objects to this Request as vague and ambiguous insofar as it does not specify which, if any, employees or staff of Defendant  with which it seeks communications. Plaintiff further objects to this Request as overly broad and unduly burdensome insofar as responsive materials are as easily available to Defendant as they are to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is not in possession of any responsive documents to the extent that this Request seeks written communications between Plaintiff and Walter P. Reed, individually.

**REQUEST FOR PRODUCTION NO. 10**

Please produce recordings of all conversations between you and defendant Walter P Reed during the relevant period.

**RESPONSE**

Plaintiff objects to this Request as vague and ambiguous insofar as it does not specify which, if any, employees or staff of Defendant it seeks communications with. Plaintiff further objects to this Request as overly broad and unduly burdensome insofar as responsive materials are as easily available to Defendant as they are to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 11**

Please produce of all communications between you and defendant Jerry Wayne Cox during the relevant period.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 12**

Please produce recordings of all conversations between you and defendant Jerry Wayne Cox during the relevant period.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 13**

Please produce of all communications between you and your former wife, Crystal Hughes Magee (now Crystal Taylor) during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 14**

Please produce recordings of all conversations between you and your former wife, Crystal Hughes Magee (now Crystal Taylor) during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODI]CTION NO. 15**

Please produce of all communications between you and Debbie Cox during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 16**

Please produce recordings of all conversations between you and Debbie Cox during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 17**

Please produce of all communications between you and Leon Hickman during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. I8**

Please produce recordings of all conversations between you and Leon Hickman during the relevant period and during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 19**

Please produce of all communications between Ruby Magee Walley and any representative(s) of the WPSO during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 20**

Please produce recordings of all conversations between Ruby Magee Walley and any representative(s) of the WPSO during the Incident.

**RESPONSE**

Plaintiff is not in possession of any responsive documents.

**REQUEST FOR PRODUCTION NO. 21**

Please produce of all communications between you and/or your counsel and any representative(s) of the WPSO during the Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 22**

Please produce recordings of all conversations between you and/or your counsel and any representative(s) of the WPSO during the Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 23**

Please produce of all communications between you and/or your counsel and any representative(s) of the District Attorney's Office for the 22nd Judicial District of Louisiana, Parishes of Washington and St. Tammany, during the Incident.

**RESPONSE**

Plaintiff is not in possession of documents in addition to those previously produced by Defendant in this matter.

**REQUEST FOR PRODUCTION NO. 24**

Please produce recordings of all conversations between you and/or your counsel and any representative(s) of the of the District Attorney's Office for the 22nd Judicial District of Louisiana, Parishes of Washington and St. Tammany, during the Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 25**

Please produce a copy of the Order of Body Attachment and Order to Recall the Order of Body Attachment referenced in ¶s 5(d) and 5(e) of your Amended Complaint.

**RESPONSE**

The Order to Recall Body Attachment was previously produced by Defendant bearing Bates numbers WPROC-00222-23. Plaintiff is attempting to locate a copy of the Order of Body Attachment, and when, and if, so located, which produce the same.

**REQUEST FOR PRODUCTION NO. 26**

Please produce copies of all correspondence between the Arkansas Office of Child Support Enforcement in Conway, Arkansas and representatives of the D.A during the relevant period and Incident.

**RESPONSE**

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 27**

Please produce copies of all payments made by you in connection your child support obligations to Crystal Hughes Magee during the period September 2011 through March 2014.

**RESPONSE**

Plaintiff objects to this Request insofar as it is irrelevant and immaterial to the subject matter of the remaining claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 28**

Please produce copies of all press releases by the WPSO and/or the D.A which you allege in ¶ 15 of your Amended Complaint were issued relating to the Incident.

**RESPONSE**

Plaintiff objects to this Request insofar as the requested materials are as easily available to Defendant as they are to Plaintiff. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 29**

Please produce all documents supporting your allegation in ¶ 15 of your Amended Complaint wherein you allege the Louisiana Department of Child & Family Services' ("DCFS") Covington Division requested the Arkansas Office of Child Support Enforcement to close your case.

**RESPONSE**

Plaintiff objects to this Request insofar as the requested materials are as easily available to Defendant as they are to Plaintiff especially in light of the Louisiana Department of Child & Family Services' representation that Defendant acts as the attorney for DCFS in civil child support cases. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

If this Request refers to ¶ 27(d) of Plaintiff's First Amended Complaint, Plaintiff is attempting to determine if there are responsive documents in his possession. Responsive documents, if they are determined to exist within Plaintiff's possession, will be produced.

**REQUEST FOR PRODUCTION NO. 30**

Please provide all Federal Income Tax Returns, State Income Tax Returns, W-2 Forms, 1099 Forms, and all wage and lost wage information or documentation which you have for the

year of the Incident and for the four years preceding the Incident. If you are not in possession of each of these items or missing parts thereof, please complete lines 3 and 4, execute, date and return the attached IRS form 4506.

**RESPONSE**

Plaintiff objects to this Interrogatory insofar as it is unduly burdensome, invasive of privacy rights, and not relevant to the claims or defenses still extant in this matter. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff is attempting to locate responsive documents, and, if so located, will supplement this response.

**REQUEST FOR PRODUCTION NO. 31**

Please complete the "Current Address" field, "Place of Birth" field, execute, date and return the attached U.S. Dept. of Justice Certification of Identity form.

**RESPONSE**

Please provide proposed topics for a FOIPA Request. Once the parties reach an agreement as to specific topics for a FOIPA Request, Plaintiff will submit a FOIPA Request to the FBI directly with agreed upon topics.

**REQUEST FOR PRODUCTION NO. 32**

Please produce copies of all documents from any experts who (a) will testify at trial of this matter or (b) you have consulted.

**RESPONSE**

Plaintiff objects to this Request to the extent it is premature as discovery is ongoing and Plaintiff has not yet determined which witnesses he will or may call at trial. Plaintiff further objects

to this Request insofar as it exceeds the scope permitted by Federal Rule of Civil Procedure 26(b)(4). Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff will supplement this response, subject to the limitations imposed on expert discovery by Federal Rule of Civil Procedure 26(b)(4).

**REQUEST FOR PRODUCTION NO. 33**

Please produce all documents (if any) showing or tending to show that you subrogated and/or agreed to reimburse and/or obligated yourself to any person for any part of your claim for damages relating to the Incident, including for medical services.

**RESPONSE**

Plaintiff objects to this Request insofar as it is premature insofar as attorneys fees have not yet been awarded. Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff is not in possession of responsive documents, except for an engagement letter with counsel, which is being withheld pursuant to the foregoing objection.

**REQUEST FOR PRODUCTION NO. 34**

Please provide a copy of all pictures and/or text-based posts you or anyone else posted on Facebook and/or other internet social media relating to the alleged incident.

**RESPONSE**

Plaintiff is unaware of any responsive documents to this Request.

**REQUEST FOR PRODUCTION NO. 35**

Please provide copies of all documents submitted to or received from Social Security Administration (if any) relating to disability benefits awarded and/or paid to you.

**RESPONSE**

Plaintiff is attempting to locate responsive documents. When, and if, so located, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 36**

Please provide copies of all documents submitted to or received from CMS or Medicare Advantage Plan or Medicare or Medicaid relating to incident-related treatment and/or billing for same (if any), including but not limited to, documents relating to Medicare's conditional claim or lien, any payment by Medicaid, any estimates, interim statements, email exchanges, and/or written correspondence.

**RESPONSE**

Plaintiff is attempting to locate responsive documents. When, and if, so located, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 37**

Copies of transcripts of depositions of you taken pursuant to litigation initiated by you or on your behalf, whether in the physical possession of you, your attorney in the above-captioned case, or any other attorney you have ever employed.

**RESPONSE**

Plaintiff is presently attempting to locate any deposition transcripts taken in this matter in addition to those produced herewith. When, and if, so located, this response will be supplemented.

**REQUEST FOR PRODUCTION NO. 38**

Copies of transcripts of depositions of you taken pursuant to litigation initiated by someone other than you, whether in the physical possession of you, your attorney in the above captioned case, or any other attorney you have ever employed.

**RESPONSE**

Plaintiff is not in possession of responsive materials.

**REQUEST FOR PRODUCTION NO. 39**

Copies of your engagement letters and/or contracts for representation by attorneys John Allen, John Burke and Marion Farmer in connection with the Incident.

**RESPONSE**

Plaintiff is determining what, if any, responsive materials he possesses, and will supplement this Response in accordance with the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 40**

Copies of your detailed cell phone statements showing calls by you to and from the FBI and Debbie Cox.

**RESPONSE**

Plaintiff is presently searching for cell phone records in his possession and will supplement this answer with such records if and when located.

Respectfully submitted,

**/s/ Dylan T. Leach**
**RANDALL A. SMITH (#2117)**
**DYLAN T. LEACH (#35879)**
                Of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
Email: rasmith@smithfawer.com
Email:  dleach@smithfawer.com

--- and ---

**PHILIP J. KAPLAN (La. State Bar #14415)**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Boulevard, Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981
Facsimile: (213) 480-8941
Email: philipkaplan@ca.rr.com

**Counsel for Plaintiff, Roger D. Magee**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2019, forwarded a copy of the foregoing to counsel of record for all parties to this proceeding by e-mail.

**/s/ Dylan T. Leach**