# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROGER D. MAGEE** | * | **CIVIL ACTION NO.: 14-01986** |
| | * | |
| **VERSUS** | * | **JUDGE (SECTION "B")** |
| | * | **IVAN L.R. LEMELLE** |
| **WALTER P. REED, ET AL** | * | |
| | * | **MAGISTRATE (1):** |
| | * | **JANET VAN MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Walter P. Reed, in his former official capacity as District Attorney of the 22nd Judicial District, State of Louisiana, (the "DA") who, in response to Plaintiff's First Amended Complaint for Damages, Declaratory Relief, and Injunctive Relief (R. Doc. 23) (the "Complaint") filed by the plaintiff, Roger Dale Magee ("Magee"), which amends and restates all of the allegations set forth in Magee's original complaint (Rec. Doc. 1), respectfully represent as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, including failure to state a constitutional violation herein.

## SECOND AFFIRMATIVE DEFENSE

DA asserts the defenses of absolute immunity and/or qualified immunity, and pleads both aspects of qualified immunity with respect to Plaintiff's claims – that being immune from suit and immune from liability.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and the previous complaint (Rec. Doc. 1) filed by Plaintiff were untimely filed as to some, if not all, of Plaintiff's claims against Defendants, and therefore are barred by the applicable statute(s) of limitations and/or state law prescriptive periods.

### FOURTH AFFIRMATIVE DEFENSE

DA asserts the affirmative defense of failure to mitigate any damages that Plaintiff may have suffered, despite a legal duty to do so.

### FIFTH AFFIRMATIVE DEFENSE

DA specifically avers that, at all relevant times, its conduct and actions were reasonable, justified, and legally permissible under the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

DA pleads the provisions of Louisiana Revised Statute 13:5101, et seq. and Louisiana Revised Statute 9:2798.1.

### SEVENTH AFFIRMATIVE DEFENSE

DA asserts that it did not participate in the decision to arrest and/or detain Plaintiff.  DA asserts that it acted at all times within its legal authority as prosecutor, and its actions were taken in good faith, without malice, with reasonable belief that its actions were constitutional in nature and without any intention to harm Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

As to any official capacity claims, an isolated incident such as alleged herein is insufficient to support the cause of action.

### NINTH AFFIRMATIVE DEFENSE

None of the acts and/or actions, as alleged by the D.A., support any type of valid *Monell* claim in this matter.  *Monell v. New York City Dept. of Social Services*, 36 U.S. 658 (1978).

### TENTH AFFIRMATIVE DEFENSE

There is no policy or custom as required for official liability pursuant to 42 U.S.C. § 1983.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet his burden of showing that under 42 U.S.C. § 1983 a "direct causal link" between any municipal action or omission and the deprivation of any federal rights, any alleged deprivation of which is specifically denied.

### TWELFTH AFFIRMATIVE DEFENSE

None of the actions and/or omissions alleged by the DA warrant a finding of vicarious liability and they do not support a claim under the theory of *respondeat superior* pursuant to state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

DA pleads the comparative fault of Plaintiff and/or other entities who are not parties to this instant matter.  DA further asserts as an affirmative defense the contributory negligence and/or intentional misconduct and/or assumption of the risk by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right.

### FIFTEENTH AFFIRMATIVE DEFENSE

DA specifically denies both the extent and measure of damages alleged by Plaintiff in this proceeding, and specifically denies that it is in any manner legally liable for any of that amount.

## SIXTEENTH AFFIRMATIVE DEFENSE

DA submits that Plaintiff's claims are frivolous, groundless, and unreasonable.  As such, DA is entitled to an award against the Plaintiff for all attorney's fees and costs incurred in the defense of this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to Federal Rules of Civil Procedure Rule 10(c), DA adopts by reference all defenses and affirmative defenses of other parties here that seek to defeat or diminish Plaintiff's claims to the extent those defenses and affirmative defenses are consistent with the facts and circumstances pertinent to the DA

## EIGHTEENTH AFFIRMATIVE DEFENSE

DA specifically reserves the right to plead and assert any and all additional defenses that may become evident after further discovery and investigation have been conducted, and further declare its intention to avail itself of all constitutional, statutory, and jurisprudential defenses legally and factually available to them.

## NINETEENTH AFFIRMATIVE DEFENSE

Despite numerous of Plaintiff's claims being dismissed by this Honorable Court (Rec. Docs. 37, 49, 54, 56, 77, 88 (provides procedural background as relates to dismissal of claims through that date), 112, the dismissal of the majority were not appealed successfully or otherwise, and the Fifth Circuit Court of Appeals ruling in 17-30353 (5th Cir. 1/8/19), 912 F.3d 920, remanding only Plaintiff's "Count II" claims of false imprisonment and procedural due process as against the D.A., and Plaintiff's "Count III" claims of free speech retaliation against the D.A. and co-defendant Jerry Wayne Cox ("Cox"), the Complaint has yet to be amended to strike the allegations related to such dismissed claims in Counts I, IV, V, VI and VII therein.

**AND NOW**, further answering the Complaint, the DA answers the individual allegations as follows:

### 1(a).

The allegations contained in paragraph 1(a) of the Complaint are admitted only insofar as the DA admits that, at the time of some of the events alleged in the Complaint, Defendant, Walter P. Reed, in his official capacity, was the District Attorney for the 22nd Judicial District. The remaining allegations are denied.

### 1(b).

The allegations contained in paragraph 1(b) of the Complaint are denied for lack of sufficient information to justify a belief therein.

### 1(c).

The allegations contained in paragraph 1(c) of the Complaint are denied for lack of sufficient information to justify a belief therein.

### 1(d).

The allegations contained in paragraph 1(d) of the Complaint are denied for lack of sufficient information to justify a belief therein.

### 1(e).

The allegations contained in paragraph 1(e) of the Complaint are denied for lack of sufficient information to justify a belief therein.

### 1(f).

The allegations contained in paragraph 1(f) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(g).**

The allegations contained in paragraph 1(g) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(h).**

The allegations contained in paragraph 1(h) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(i).**

The allegations contained in paragraph 1(i) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(j).**

The allegations contained in paragraph 1(j) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(k).**

The allegations contained in paragraph 1(k) of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**1(l).**

The allegations contained in paragraph 1(l) of the Complaint are denied for lack of sufficient information to justify a belief therein.

**1(m).**

**PRIVATE PARTIES AS STATE ACTORS**

The allegations contained in the paragraph titled "PRIVATE PARTIES AS STATE ACTORS" of the Complaint are denied.

**2.**

The allegations contained in paragraph 2 of the Complaint do not require a response as they contain a substantive issue of law and/or fact and call for a legal conclusion. To the extent that a response is required, the allegations are denied.

**3.**

The allegations contained in paragraph 2 of the Complaint do not require a response as they contain a substantive issue of law and/or fact and call for a legal conclusion. To the extent that a response is required, the allegations are denied.

**4(a).**

The allegations contained in paragraph 4(a) of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**4(b).**

The allegations contained in paragraph 4(b) of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**4(c).**

The allegations contained in paragraph 4(c) of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**5(a).**

The allegations contained in paragraph 5(a) of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**5(b).**

The allegations contained in paragraph 5(b) of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**5(c).**

The allegations contained in paragraph 5(c) of the Complaint are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the document referenced is the best evidence of its contents.

**5(d).**

The allegations contained in paragraph 5(d) of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the document referenced is the best evidence of its contents.

**5(e).**

The allegations contained in paragraph 5(e) of the Complaint that are made against the DA are denied for lack of sufficient information to justify a belief therein.  For the allegations

made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the document referenced is the best evidence of its contents.

**5(f).**

The allegations contained in paragraph 5(f) of the Complaint that are made against the DA are denied for lack of sufficient information to justify a belief therein.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**5(g).**

The allegations contained in duplicate paragraph 5(g) of the Complaint that are made against the DA are denied for lack of sufficient information to justify a belief therein.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations contained in paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**7.**

The allegations contained in paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**8.**

The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**9.**

The allegations contained in paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**10.**

The allegations contained in paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**11.**

The allegations contained in paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**12.**

The allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**13.**

The allegations contained in paragraph 13 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**14.**

The allegations contained in paragraph 14 of Plaintiff's Complaint are denied as for lack of sufficient information to justify a belief therein.

**15.**

The allegations contained in paragraph 15 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the document referenced is the best evidence of its contents.

**16.**

The allegations contained in paragraph 16 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations contained in paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**18.**

The allegations contained in paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations contained in paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations contained in paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**21.**

The allegations contained in paragraph 21 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**22.**

The allegations contained in paragraph 22 of the Complaint that are made against the DA are denied, with the exception of plaintiff's statement that "there is no such thing as a 'DA Hold'" which statement only is admitted.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**23.**

The allegations contained in paragraph 23 of the Complaint are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the court records (including the hearing transcript, plea agreement itself, and notice of appeal) are the best evidence of the disposition of the referenced matter.

**24.**

The allegations contained in paragraph 24 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**25.**

**COUNT I – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(Fourth and Fourteenth Amendments – False Arrest/Excessive Force Against All Defendants (Except Warden Jim Miller), Including Walter Reed In Both His Capacity As District Attorney And In His Individual Capacity)**

The allegations in paragraph 25 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the DA re-asserts his previous answers to the foregoing allegations.

**26.**

The allegations in paragraph 26 of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 26 of the Complaint made against the DA are denied.  For the allegations made against other parties, no response is required from the DA, but to the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the United States Constitution is the best evidence of its contents.

**27(a).**

The allegations in paragraph 27(a) of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice

by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 27(a) of the Complaint are denied for lack of sufficient information to justify a belief therein. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that La. R.S. 14:75(F) is the best evidence its content.

### 27(b).

The allegations in paragraph 27(b) of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 27(b) of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the court record is the best evidence its content. The DA further avers that the Uniform Interstate Family Support Act (UIFSA) is the best evidence its content.

### 27(c).

The allegations in paragraph 27(c) of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent

a response is required, the allegations contained in paragraph 27(c) of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

### 27(d).

The allegations in paragraph 27(d) of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 27(d) of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that Louisiana's Department of Children and Family Services' records and those of the Magee's Arkansas child support enforcement case are the best evidence of their content.

### 28.

The allegations in paragraph 28 of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 28 of the Complaint are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the Louisiana

Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

**29.**

The allegations in paragraph 29 of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 29 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  Further, paragraph 29 of Plaintiff's Complaint contains conclusions of law for which no response is required.  To the extent that a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**30.**

The allegations in paragraph 30 of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 30 of the Complaint contain conclusions of law for which no response is required, and are denied as written.  The DA further avers that 42 U.S.C. § 1988 is the best evidence of its contents.

**31.**

The allegations in paragraph 31 of the Complaint do not require a response because the claims set forth in "Count I" of the Complaint against the DA were dismissed with prejudice by

Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 31 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the Louisiana Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

**32.**

**COUNT II – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(Fourth, Fifth, and Fourteenth Amendments – Procedural Due Process Violations/False Imprisonment Against Defendants Seal And Reed, In Both Their Official Capacities And Individual Capacities)**

The allegations in paragraph 25 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count II" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the DA re-asserts his previous answers to the foregoing allegations.

**33.**

The allegations contained in paragraph 33 of the Complaint that are made against the DA are denied as written.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the Louisiana

Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

### 34 (a).

The allegations contained in paragraph 34(a) of the Complaint that are made against the DA are denied, with the exception of the plaintiff's statement that "there is no such thing as a 'DA Hold'," which statement is admitted. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the Louisiana Constitution is the best evidence of its contents and the rights it confers.

### 34(b).

The allegations in paragraph 34(b) of Complaint contains legal conclusions and do not require a response. To the extent a response is required, the allegations that are made against the DA are denied as written. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the Louisiana Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

### 35.

The allegations contained in paragraph 35 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein. The DA further avers that the Louisiana Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

**36.**

The allegations contained in paragraph 36 of the Complaint do not require a response as they contain a substantive issue of law and/or fact and call for a legal conclusion.  To the extent a response is required, the allegations contained in paragraph 36 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**37.**

The allegations contained in paragraph 37 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**38.**

**COUNT III – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(First Amendment – Free Speech Retaliation Against Defendant Jerry Wayne Cox And Defendants Reed And Seal, In Both Their Official Capacities And Individual Capacities)**

The allegations in paragraph 25 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count III" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the DA re-asserts his previous answers to the foregoing allegations.

**39.**

The allegations contained in paragraph 39 of the Complaint are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the United States Constitution is the best evidence of its contents and the rights it confers.

**40.**

The allegations contained in paragraph 40 of the Complaint that are made against the DA are denied for lack of sufficient information to justify a belief there.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**41.**

The allegations contained in paragraph 41 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**42.**

The allegations contained in paragraph 42 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**43.**

The allegations in paragraph 43 of the Complaint contain legal conclusions for which no response is required. The allegations made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**44.**

The allegations contained in paragraph 44 of the Complaint contain conclusions of law for which no response is required, and are denied as written.  The DA further avers that 42 U.S.C. § 1988 is the best evidence of its contents.

**45.**

The allegations contained in paragraph 45 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the Louisiana Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

**46.**

The allegations contained in paragraph 46 of the Complaint contain conclusions of law for which no response is required, and are denied for lack of sufficient information to justify a belief therein.

**47.**

The allegations contained in paragraph 47 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**48.**

**COUNT IV – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

**(Due Process – Conditions of Confinement Against Defendants Seal, Haley and Miller)**

The allegations in paragraph 48 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the DA re-asserts his previous answers to the foregoing allegations.

**49.**

The allegations in paragraph 49 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 49 of the Complaint are denied for lack of sufficient information to justify a belief therein. The DA further avers that the U.S. Constitution is the best evidence of its contents and the rights it confers.

**50.**

The allegations in paragraph 50 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir.

1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 50 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**51.**

The allegations in paragraph 51 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 51 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**52.**

The allegations in paragraph 52 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 52 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**53.**

The allegations in paragraph 53 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec.

Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 53 of the Complaint are denied for lack of sufficient information to justify a belief therein. The DA further avers that 42 U.S.C. § 1997e(a) is the best evidence of its contents.

**54.**

The allegations in paragraph 54 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 54 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**55.**

The allegations in paragraph 55 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 55 of the Complaint contain legal conclusions for which no response is required. The allegations made against the DA are denied. For the allegations made against other parties, no response is required from the DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**56.**

The allegations in paragraph 56 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 55 of the Complaint contain legal conclusions for which no response is required.  To the extent a response is required, the allegations contained in paragraph 56 of the Complaint are denied as written.  The DA further avers that 42 U.S.C. § 1988 is the best evidence of its contents.

**57.**

The allegations in paragraph 57 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37) , which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 57 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.  The DA further avers that the Louisiana Constitution and United States Constitution are the best evidence of their contents and the rights conferred by each.

**58.**

The allegations in paragraph 58 of the Complaint do not require a response because the claims set forth in "Count IV" of the Complaint against the DA were dismissed with prejudice

by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the allegations contained in paragraph 58 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from DA. To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**59.**

**COUNT V – MONELL MUNICIPAL VIOLATIONS UNDER 42 U.S.C. § 1983**

**(Against District Attorney Walter Reed, in his Official Capacity)**

The allegations in paragraph 59 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count V" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. To the extent a response is required, the DA re-asserts his previous answers to the foregoing allegations.

**60.**

The allegations in paragraph 60 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count V" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed. *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920. The allegations contained in paragraph 60 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from DA. To the extent a response is required, the remaining allegations are denied for lack of

sufficient information to justify a belief therein.  The DA further avers the pleadings in the irrelevant case cited are the best evidence of the allegations made therein and of their contents, including the dismissal of all claims against all defendants in said case. Moreover, all references to the latter cites should be stricken as argued in the D.A.'s pending Fed. R. Civ. P. 12(F) Motion to Strike Impertinent and Immaterial Matter From Plaintiff's Complaint (Rec. Doc. 1) and First Amended Complaint (Rec. Doc. 23) filed contemporaneously herewith (Rec. Doc. 176).

**61.**

The allegations in paragraph 61 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count V" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.   The allegations in paragraph 61 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations contained in paragraph 61 of the Complaint are denied.

**62.**

The allegations in paragraph 62 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count V" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.   The allegations in paragraph 62 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations contained in paragraph 62 of the Complaint, including subparts "a" through "d," are denied.

**63.**

The allegations in paragraph 63 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count V" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.   The allegations in paragraph 43 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations contained in paragraph 63 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**64.**

**COUNT VI – MONELL MUNICIPAL VIOLATIONS UNDER 42 U.S.C. § 1983**

**(Against Sheriff Randy Seal, in his Official Capacity as Sheriff for the Washington Parish Sheriff's Office)**

The allegations in paragraph 64 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VI" of the Complaint (if any) which may be construed against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, DA re-asserts his previous answers to the foregoing allegations.

**65.**

The allegations in paragraph 65 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VI" of the Complaint (if any) which

may be construed against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 65 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**66.**

The allegations in paragraph 66 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VI" of the Complaint (if any) which may be construed against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, The allegations contained in paragraph 66 of the Complaint are denied for lack of sufficient information to justify a belief therein.

**67.**

The allegations in paragraph 67 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VI" of the Complaint (if any) which may be construed against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 67 of the Complaint, including subparts "a" through "r," are denied for lack of sufficient information to justify a belief therein.

**68.**

The allegations in paragraph 68 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VI" of the Complaint (if any) which may be construed against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations contained in paragraph 68 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**69.**

**COUNT VII – LOUISIANA STATE LAW CLAIM FOR BATTERY AND EXCESSIVE FORCE**

The allegations in paragraph 69 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VII" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, DA re-asserts his previous answers to the foregoing allegations.

**70.**

The allegations in paragraph 70 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VII" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir.

1/8/19); 912 F.3d 920.   The allegations in paragraph 71 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations contained in paragraph 70 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA.   To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

### 71.

The allegations in paragraph 71 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VII" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.   The allegations in paragraph 71 of the Complaint contain legal conclusions for which no response is required. To the extent a response is required, the allegations contained in paragraph 71 of the Complaint that are made against the DA are denied. For the allegations made against other parties, no response is required from the DA.   To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

### 72.

The allegations in paragraph 72 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VII" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.   To the extent a response is required, the allegations contained in

paragraph 72 of the Complaint that are made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

**73.**

The allegations in paragraph 73 of the Complaint (and subheading preceding it) do not require a response because the claims set forth in "Count VII" of the Complaint against the DA were dismissed with prejudice by Order of this Honorable Court dated August 19, 2015 (Rec. Doc. 37), which claims' dismissal was not appealed.  *See Magee v. Reed*, 17-30353 (5th Cir. 1/8/19); 912 F.3d 920.  To the extent a response is required, the allegations in paragraph 73 of the Complaint contain legal conclusions for which no response is required.  The allegations made against the DA are denied.  For the allegations made against other parties, no response is required from the DA.  To the extent a response is required, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

74.

The allegations in the unnumbered paragraph following paragraph 73 in the Complaint entitled, "PRAYER FOR RELIEF" and "DEMAND FOR JURY TRIAL" do not require a response.  To the extent a response is required, the allegations contained therein are denied.

**AND NOW FURTHER RESPONDING** to the Complaint:

75.

Any allegations contained in the Complaint not admitted above are hereby denied.

76.

Plaintiff's claims are without merit and the DA is entitled to an award of attorney's fees and costs incurred in defense of this case, pursuant to the Civil Rights Attorney's Fee Awards Act of 1976, codified at 42 U.S.C. § 1988(b) and as interpreted by *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), and its progeny.

**WHEREFORE**, Defendant, Walter P. Reed, in his former official capacity as District Attorney for the 22nd Judicial District, State of Louisiana, respectfully prays that, after due proceedings are had, that there be judgment rendered in its favor dismissing Plaintiff's Complaint, with prejudice, and at Plaintiff's cost. The DA further prays that Plaintiff's case be declared frivolous, and prays for all general and equitable relief to which it may be entitled under law and equity, including, but not limited to, an award of attorney's fees and costs incurred in the defense of this case.

Respectfully submitted:

By:    s/ Alex L.M. Ducros, T.A.
          **ALEX L.M. DUCROS (Bar No. 32128)**
          **Assistant District Attorney**
          21454 Koop Drive, Suite 2G
          Mandeville, Louisiana  70471
          Phone:      (985) 898-3427
          Facsimile:   (985) 867-5124
          Email:      aducros@22da.com
          *Counsel for Defendant, Walter P. Reed,*
          *in his former official capacity as*
          *22nd Judicial District Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, a copy of the foregoing Pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

By:    s/ Alex L.M. Ducros
          **ALEX L.M. DUCROS (Bar No. 32128)**