UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROGER D. MAGEE** | * | **CIVIL ACTION NO. 14-1986** |
| | * | |
| **VERSUS** | * | **SECTION: B** |
| | * | Judge Ivan L. R. Lemelle |
| **WALTER P. REED, ET AL** | * | |
| | * | **MAGISTRATE: 1** |
| | * | Magistrate van Meerveld |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION FOR
PROTECTIVE ORDER AND TO LIMIT THE SCOPE OF PLAINTIFF'S DEPOSITION
OF FORMER ASSISTANT DISTRICT ATTORNEY LEIGH ANNE WALL**

**MAY IT PLEASE THE COURT:**

Plaintiff, Roger D. Magee, through undersigned counsel, respectfully submits this memorandum in opposition to Defendant, Walter P. Reed's, in his former official capacity as District Attorney for the 22nd Judicial District of Louisiana (the "D.A."), Motion for Protective Order and to Limit the Scope of Plaintiff's Deposition of Former Assistant District Attorney Leigh Anne Wall (the "Motion for Protective Order"). Doc. 174. As set forth more fully herein, this Honorable Court should deny the D.A.'s Motion for Protective Order.

**BACKGROUND**

This is a case, pursuant to 42 U.S.C. Section 1983, in which Mr. Magee contends that he was denied bail by the application of a "DA Hold" and retaliated against, because he had been providing information to the Federal Bureau of Investigations about Walter P. Reed and his close friend, Defendant, Jerry Wayne Cox. Specifically, as to matters of public concern, Mr. Magee alleges: "Between 2010 and 2012, Magee informed the FBI about [Jerry Wayne] Cox [a minister in Franklinton, Louisiana] and [Walter P.] Reed's unlawful business dealings, including tax fraud. After learning of Magee's conversations with the FBI, Cox threatened Magee, claiming that Reed

was 'ex-FBI' and had 't[aken] care of it.' Cox also told Magee that if he ever came to Louisiana, Reed would 'handle' him." *Magee v. Reed*, 912 F.3d 820, 821 (5th Cir. 2019); *see also* First Amended Complaint, Doc. 23, at ¶¶4(a)-14, and 22.  Mr. Magee was arrested when he traveled to Louisiana to visit family members on March 28, 2014.  Doc. 23, at ¶¶ 6-14.  According to a minute entry from the 22nd Judicial District Court, on March 31, 2014, Mr. Magee was brought before Commissioner Dan Foil "having been charged with resisting an officer and attachment – charge unknown" for a 72-hour hearing.  Doc. 158-1.  On the charge of resisting an officer, the court set a $750 "signature" bond.  *Id.*  However, no bond was set on the attachment for the unknown charge. *Id.*  Although the D.A. argues that a cash bond of approximately forty thousand dollars ($40,000.00) was set for Mr. Magee according to the custom of the court in Washington Parish at the time, no Minute Entry or signed order of the court in Washington Parish setting such a large cash bond has been produced in discovery.  For the next ninety-eight (98) days, Mr. Magee remained incarcerated, unable to post bail.  During this incarceration, Magee made requests for bail through both his family and criminal defense counsel, but was refused due to a "DA Hold," a type of hold both Mr. Magee and the D.A. agree is not recognized by law.  912 F.3d at 821.  Mr. Magee's release was conditioned on his agreement to plead guilty to failure to pay child support and to resisting an officer.  *Id.* at 821-822.

On August 29, 2014, the instant suit was filed against the D.A. in both his individual and official capacities, as well as Mr. Cox, for false imprisonment and free speech retaliation and procedural due process violations.[1]  The D.A. and Cox filed motions to dismiss these claims against them under Rule 12(b)(6), or, in the alternative, under Rule 12(c) or Rule 56, which the district

---

[1] The Sheriff of Washington Parish as well as several deputies were also named as defendants for claims arising out of Mr. Magee's arrest and terms of confinement in the Washington Parish Jail. Those claims have since been resolved by the district judge through motion and/or jury verdict.

court granted.  912 F.3d at 822.  On January 8, 2019, the U.S. Fifth Circuit reversed this dismissal and remanded for further proceedings, in part, because "the existence of a mysterious and unheard-of 'DA Hold' could lead a reasonable juror to believe that the District Attorney or his office was engaged in some sort of foul play or direct intervention with Magee's ability to receive bail.".  *Id.* at 823.

On remand, the remaining parties in this matter have engaged in discovery.  One deposition that remains to be taken in the deposition of Ms. Wall, one of the assistant district attorneys who was involved in handling the underlying criminal case.  Mr. Magee intends to explore Ms. Wall's factual knowledge of policies and procedures of the D.A. related to the office's role or actions leading to the cash bond the D.A. claims was ordered (despite the absence of a signed order by the state court), the "D.A. Hold" which Mr. Magee's former criminal defense counsel and other witnesses have testified was placed on Mr. Magee, and the role of the D.A.'s non-support division.  Before a single question was asked of Ms. Wall, the D.A. filed the instant Motion for Protective Order.  Doc. 174.  After the D.A. filed the instant Motion for Protective Order, the parties have agreed to go forward with the deposition of Ms. Wall on January 2, 2020, reserving the right to continue the deposition following this Court's resolution of the instant motion.  Now,  Mr. Magee timely files his opposition.

## LAW AND ARGUMENT

### I. Legal Standard

The Federal Rules of Civil Procedure are intended to secure the just, speedy, and inexpensive determination of every action and proceeding. *See* Fed. R. Civ. Proc. 1. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[2]

Rule 26(c) provides that the Court "may, for good cause," protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by issuing an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. Proc. 26(c)(1)(D). To satisfy "good cause," "[t]he burden is upon the movant to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of facts as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (*quoting United States v. Garrett*, 571 F.2d 1323, 1325-26 n. 3 (5th Cir. 1978)).

## II.     Mr. Magee's claims against the D.A. in his official capacity

Mr. Magee has claims against the D.A. in his official capacity for false imprisonment, free speech retaliation, and procedural due process violations pursuant to 42 U.S.C. § 1983. The D.A. admits, as he must, that Mr. Magee's § 1983 claims against Reed in his official capacity. Doc. 174-2, at 10. To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). A plaintiff asserting a Section 1983 claim against a municipal office in his official capacity, such as the D.A., may establish municipal liability by showing that a decision or decisions by a final policy maker (here, the DA) were the moving force behind the violation of an individual's constitutional rights. *Brown v. Bryan Cty.,* 219 F.3d 450, 462 (5th Cir. 2000); *see also Bennett v. Pippin,* 74 F.3d

---

[2] The relevance inquiry demands focus on the parties' claims and defenses, not the subject matter of the lawsuit. Proportionality analysis includes consideration of factors including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

4

578, 586 (5th Cir. 1996). Additionally, or alternatively, a plaintiff asserting a Section 1983 claim against a municipal office in his official capacity may establish municipal liability by "show[ing] that the municipality has a policy or custom that caused his injury." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). To establish an "official policy," a plaintiff must allege either of the following: (1) a policy statement, ordinance, regulation, or decision that is official adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated the policymaking authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by official adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

### III. The information is relevant to Mr. Magee's claims against Walter P. Reed in his former official capacity as the District Attorney for the 22nd Judicial District.

The D.A. would like to sweep its predecessor's misdeeds under the rug. Perhaps cognizant of the acts taken when Mr. Reed was the D.A., the current-D.A. seeks to pre-empt the uncomfortable questions that must be asked related to the policies and/or customs of the D.A. when Mr. Reed occupied the office. Mr. Magee alleges the "DA Hold" that denied him the ability to post pre-trial bail was a part of or a result of these policies and/or customs of the D.A. manifested in other incidents in Washington Parish. In paragraph 60 of his First Amended Complaint, Doc. 23, Mr. Magee identified several known instances of other alleged incidents in the 22nd Judicial District.[3] Other instances of misconduct by the D.A. and his former or current employees are

---

[3] To the extent that Ms. Wall is subject to a confidentiality provision in a settlement agreement related to the matter entitled *Douglas Dendinger v. City of Bogalusa*, Civil Action No. 13-5477 c/w 14-1837, undersigned counsel does not intend to elicit testimony from Ms. Wall that would breach such a provision.

relevant to Mr. Magee's claims against the D.A.  This relevance is confirmed by the D.A.'s Eighth, Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses, which were recently raised in its Answer.  Doc. 177, at 2-3.

Additionally, inquiry into these topics is proportional to this case.  Here, the issues at stake touch on one of the civil liberties enshrined in both the U.S. and Louisiana Constitutions, the right to be free from excessive bail, which is separate from the validity of the underlying convictions, if any.  *See Eubanks v. Parker County Commissioners Court*, 1995 WL 10513, *1, *3 (5th Cir. Jan. 3, 1995).  Although the amount in controversy has not yet been quantified and involves, essentially, general damages relating to a three-month detention, the D.A. has considerably more access to this information than Mr. Magee, and considerably more resources than Mr. Magee, who is on disability.  Finally, the D.A. has not suggested that permitting Ms. Wall to answer questions under oath imposes any undue burden or expense.

## **CONCLUSION**

For the foregoing reasons, this Honorable Court should deny the D.A.'s Motion for Protective Order.

                                    Respectfully submitted,

                                    ***/s/ Dylan T. Leach***
                                  **RANDALL A. SMITH (#2117)**
                                  **DYLAN T. LEACH (#35879)**
                                      Of
                                  **SMITH & FAWER, L.L.C.**
                                  201 St. Charles Avenue, Suite 3702
                                  New Orleans, Louisiana 70170
                                  Telephone: (504) 525-2200
                                  Facsimile: (504) 525-2205
                                  Email: rasmith@smithfawer.com
                                  Email:  dleach@smithfawer.com

---

However, as contemplated by Rule 26's requirement that a claim of privilege or protection be made expressly, Ms. Wall should not be precluded from first stating that such a provision exists.

--- and ---

**PHILIP J. KAPLAN (La. State Bar #14415)**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Boulevard, Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981
Facsimile: (213) 480-8941
Email: philipkaplan@ca.rr.com

*Counsel for Plaintiff, Roger D. Magee*