**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**ROGER D. MAGEE**                                            **CIVIL ACTION**

**VERSUS**                                                    **NO. 14-1986**

**WALTER P. REED ET AL**                                      **SECTION "B"(1)**

## ORDER AND REASONS

Defendant, Walter P. Reed, in his official capacity, filed a motion to strike impertinent and immaterial matter from plaintiff's complaint and first amended complaint. Rec. Doc. 176. Plaintiff timely filed a response in opposition. Rec. Doc. 185. For the reasons discussed below,

**IT IS ORDERED** that the motion to strike is **DISMISSED as MOOT**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of the March 28, 2014 arrest of Roger D. Magee ("Plaintiff"). The facts surrounding the case are summarized in a previously issued order (Rec. Doc. 88). However, the facts and procedural history relevant to the instant motion are summarized here.

Plaintiff, Roger Magee ("Magee"), filed suit on August 29, 2014 against several defendants including Walter Reed ("Reed"), the former Washington Parish District Attorney for the 22nd Judicial District, Jerry Wayne Cox ("Cox"), a Pentecostal Minister in Franklinton, Louisiana, Randy Seal, Sheriff of Washington Parish,

and several Washington Parish Sheriff Officers, alleging a free speech retaliation claim and false imprisonment pursuant to 42 U.S.C. §1983.

On March 13, 2015, Reed filed a rule 12E Motion for More Definite Statement. Rec. Doc. 14. Later, parties filed a joint motion for entry of consent order on the motion for more definite statement. Rec. Doc. 21. As a result, this court granted the joint motion and dismissed the motion for a more definite statement. Rec. Doc. 22. Plaintiff filed a first amended complaint with jury demand on May 1, 2015. Rec. Doc. 23. On May 19, 2015, both Reed and Cox, individually, filed and were granted an extension of time to answer the amended complaint. Rec. Doc. 24,25,26. Cox answered the amended complaint on June 9, 2015. Rec. Doc. 27.

On June 15, 2015, Reed filed a motion to dismiss for failure to state a claim. Rec. Doc. 29. On August 19, 2015, this Court granted the motion, dismissing all claims against Reed, finding (1) plaintiff's false arrest and First Amendment retaliation claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) plaintiff's excessive force claim failed to show that the actions of the arresting officers were in some way caused by Reed and plaintiff failed to satisfy his burden of showing that Reed was not entitled to qualified immunity, (3) plaintiff's due process claim related to bond failed to show that Reed was "causally connected" to plaintiff's bail problems, and (4) plaintiff's

*Monell* claim failed to show that any of the supposedly improperly-trained district attorneys participated in the claims brought against plaintiff. Rec. Doc. 37. Plaintiff appealed the Order and Reasons. Rec. Doc. 40.

On July 22, 2015, defendant Officers and defendants Mike Haley, Miller, and Seal filed a motion for partial judgment on the pleadings or for partial summary judgment. Rec. Doc. 34. On August 31, 2015, the same defendants filed a motion for summary judgment. Rec. Doc. 38. On October 19, 2015, this court granted both motions. Rec. Doc. 49. Specifically, we found that the claims for false arrest, false imprisonment, and free speech retaliation previously dismissed against Reed must also be dismissed against these defendants pursuant to *Heck*. *Id.* at 9-15. Similarly, plaintiff's *Monell* claims for false arrest and false imprisonment were found to be *Heck*-barred and were accordingly dismissed. *Id.* at 18-20. Nonetheless, we found that plaintiff's excessive force claims, including his *Monell* claims based on excessive force, were not barred by *Heck*; therefore, the motion to dismiss/motion for summary judgment was denied to the extent it sought to dismiss the excessive force claims against these defendants. *Id.* at 15-17, 20. The claims for battery and excessive force in violation of Louisiana law were dismissed as duplicative with plaintiff's § 1983 excessive force claims. *Id.* at 17-18. Finally, plaintiff's procedural due process claims for denial of bail were dismissed

because there was no evidence to suggest that defendants were in any way related to plaintiff's denial of bail. *Id.* at 20-24.

On September 14, 2015, Cox filed a motion for judgment on the pleadings or, alternatively, a motion for summary judgment. Rec. Doc. 39. On October 28, 2015, this court granted the motion and dismissed plaintiff's claims against Cox with prejudice. Rec. Doc. 54. Specifically, we found that plaintiff's claims for false arrest and imprisonment and for free speech retaliation were barred by *Heck*. *Id.* at 10-15. Plaintiff's claims for excessive force failed because they did not show how Cox was "causally connected" to the claim. *Id.* at 15-16. Finally, plaintiff's claims for battery and excessive force under Louisiana law were dismissed as duplicative. *Id.* at 16-17. Plaintiff appealed the Order and Reasons. Rec. Doc. 56.

On December 9, 2015, this court granted plaintiff's motion to stay pending the outcome of his appeals (Rec. Docs. 40, 56). Rec. Doc. 58. On January 22, 2016, the Fifth Circuit found that it lacked jurisdiction over the appeals, because this court had not disposed of all claims and parties before the appeals were filed. Rec. Doc. 59 at 2. On March 17, 2016, the stay was lifted, and trial was set for March 17, 2017. Rec. Doc. 63.

On December 29, 2016, a second motion for summary judgment was filed by defendant officers and defendants Haley, Miller, and Seal. Rec. Doc. 76. On March 9, 2017, this court granted the second

motion for summary judgment in part by dismissing with prejudice the plaintiff's claims for inadequate medical care because we found that plaintiff failed to (1) allege a proper claim for unconstitutional conditions of confinement or a sufficiently serious injury; or (2) submit adequate evidence of deliberate indifference. Rec. Doc. 88. This court further ordered that the plaintiff's claim for excessive force survived. Id.

On March 24, 2017, a joint stipulation of dismissal of plaintiff's claims against Officers Brumfield, Nesmith, and Miller was filed. Rec. Doc. 112. A jury trial begun on March 27, 2017 and ended on March 28, 2017. Rec. Doc. 115 and 116. This court entered a final judgment in favor of all defendants dismissing all claims pursuant to the jury verdict, Order and Reasons granting Reed's motion to dismiss, Order and Reasons granting Cox's motion for judgment on the pleading and the joint stipulation of dismissal against Brumfield, Nesmith and Miller. Rec. Doc. 121.

On April 27, 2017, plaintiff appealed the Order and Reasons granting Reed's motion to dismiss for failure to state a claim, the final judgment, and the Order and Reasons granting Cox's motion for judgment on the pleadings. Rec. Doc. 122. On January 30, 2019, the Fifth Circuit reversed the judgment of this court as to the plaintiff's claims against Reed (in both his official and personal capacitates) for false imprisonment, free speech retaliation and procedural due process violations, and against Cox for free speech

retaliation. Rec. Doc. 132. The Fifth Circuit remanded the case to this court for further proceedings and found that this court erred in relying on *Heck* in dismissing the plaintiff's free speech retaliation claim against Cox and the plaintiff's free speech retaliation and false imprisonment claims against Reed because the plaintiff's claims stem not from his arrest but from his denial of bail. Id. at 4. The Fifth Circuit further found this court erred in dismissing the plaintiff's procedural due process claim against Reed by improperly resolving a genuine dispute of material fact at the summary judgment stage. Id. at 5. Jury trial was set for November 11, 2019 but was later continued to March 5, 2020 by order granting a motion to continue. Rec. Doc. 136, 149, and 150.

Defendant, Reed (in his official capacity), filed the instant Federal Rule of Civil Procedure Rule 12(F) motion to strike impertinent and immaterial matter from plaintiff's complaint and first amended complaint alleging that the complaint and first amended complaint embody claims that were dismissed by this court and not appealed to the Fifth Circuit. Rec.Doc. 176. Plaintiff filed a response in opposition arguing not only is the motion untimely but that the information contained in the complaint is justified. Rec. Doc. 185.

**LAW AND ANALYSIS**

**Fed.R. Civ. Procedure 12(f) standard**

A motion to strike filed pursuant to Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Admin'rs of the Tulane Educ. Fund v. Biomeasure, Inc.,* 2011 WL 3268108, at *2 (E.D.La. July 28, 2011)(citing *Tarver v. Foret,* 1996 WL 3536, at *1 (E.D.La. Jan. 3, 1996)). "[M]otions to strike under Rule 12(f) are disfavored and 'should be used sparingly by the courts' because they are considered a 'drastic remedy to be resorted to only when required for the purposes of justice.' " *Id.* (quoting *Pan-Am. Life Ins. Co. v. Gill,* 1990 WL 58133, at *2 (E.D.La. Apr. 27, 1990)); *accord Harris v. USA Ins. Companies,* 2011 WL 3841869, at *1 (E.D.La. Aug. 30, 201). "A motion to strike should be granted only when 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'" *Harris,* 2011 WL 3841869, at *1(quoting *Johnson v. Harvey,* 1998 WL 596745, at *7 (E.D.La.1998)). "[A] district court's order striking pleadings does not control the issues of materiality and relevancy that govern the admissibility of the evidence.... The plaintiffs need not plead these matters." *Id.*

Immateriality is established by showing that the challenged allegations "can have no possible bearing upon subject matter of the litigation." *Bayou Fleet P'ship, LLC v. St. Charles Parish,* 2011 WL 2680686, at *5 (E.D.La. Jul. 8, 2011)(quoting *Sadler v. Benson Motors Corp.,* 1997 WL 266735, at *1 (E.D.La.1997)). The court will not decide a disputed question of fact on a motion to strike. *Gonzalez v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 2607096, at *5 (E.D.La. July 1, 2011).

Defendants raise several arguments in its motion, arguing the motion to strike is necessary and should be granted to promote efficiency and judicial economy by narrowing discovery and streamlining the issues for trial. Rec. Doc. 176-2 at 11. The only claims before the Fifth Circuit were Magee's § 1983 claims against Reed (in both his official and personal capacities) for false imprisonment, free speech retaliation, and procedural due process violations, and against Cox for free speech retaliation. *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019). The issues before this court are clear. Therefore, the motion to strike the complaint and the first amended complaint are moot as the only issues before this court are those that were appealed and subsequently remanded by the Fifth Circuit.

New Orleans, Louisiana this 14th day of February, 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE