**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

ROGER D. MAGEE                                    CIVIL ACTION

VERSUS                                            NO. 14-1986

WALTER P. REED, ET AL                             SECTION: "B"(1)

**ORDER AND REASONS**

For the reasons discussed below,

**IT IS ORDERED** that Defendants Walter Reed and Jerry Wayne Cox's opposed motions for summary judgment are **DENIED**. See Rec. Docs. 192, 194, 202, 204, 215, 218, 220 and 223.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of the March 28, 2014 arrest of Roger D. Magee ("Magee"). The facts are summarized in a previously issued order (Rec. Doc. 234). However, the facts and procedural history relevant to the instant motions are summarized here.

Magee filed suit on August 29, 2014 against several defendants including Walter Reed ("Reed"), the former Washington Parish District Attorney for the 22nd Judicial District, Jerry Wayne Cox ("Cox"), a Pentecostal Minister in Franklinton, Louisiana, Randy Seal, Sheriff of Washington Parish, and several Washington Parish Sheriff Officers, alleging a free speech retaliation claim and false imprisonment pursuant to 42 U.S.C. §1983.

On March 13, 2015, Reed filed a rule 12E Motion for More Definite Statement. Rec. Doc. 14. Later, parties filed a joint motion for

1

entry of consent order on the motion for more definite statement. Rec. Doc. 21. As a result, this court granted the joint motion and dismissed the motion for a more definite statement. Rec. Doc. 22. Magee filed a first amended complaint with jury demand on May 1, 2015. Rec. Doc. 23. On May 19, 2015, both Reed and Cox, individually, filed and were granted an extension of time to answer the amended complaint. Rec. Doc. 24,25,26. Cox answered the amended complaint on June 9, 2015. Rec. Doc. 27.

On June 15, 2015, Reed filed a motion to dismiss for failure to state a claim. Rec. Doc. 29. On August 19, 2015, this Court granted the motion, dismissing all claims against Reed, finding (1) Magee's false arrest and First Amendment retaliation claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) Magee's excessive force claim failed to show that the actions of the arresting officers were in some way caused by Reed and Magee failed to satisfy his burden of showing that Reed was not entitled to qualified immunity, (3) Magee's due process claim related to bond failed to show that Reed was "causally connected" to Magee's bail problems, and (4) Magee's *Monell* claim failed to show that any of the supposedly improperly-trained district attorneys participated in the claims brought against Magee. Rec. Doc. 37. Magee appealed the Order and Reasons. Rec. Doc. 40.

On July 22, 2015, defendant Officers and defendants Mike Haley, Miller, and Seal filed a motion for partial judgment on the

pleadings or for partial summary judgment. Rec. Doc. 34. On August 31, 2015, the same defendants filed a motion for summary judgment. Rec. Doc. 38. On October 19, 2015, this court granted both motions. Rec. Doc. 49. Specifically, we found that the claims for false arrest, false imprisonment, and free speech retaliation previously dismissed against Reed must also be dismissed against these defendants pursuant to *Heck*. *Id.* at 9-15. Similarly, Magee's *Monell* claims for false arrest and false imprisonment were found to be *Heck*-barred and were accordingly dismissed. *Id.* at 18-20. Nonetheless, we found that Magee's excessive force claims, including his *Monell* claims based on excessive force, were not barred by *Heck*; therefore, the motion to dismiss/motion for summary judgment was denied to the extent it sought to dismiss the excessive force claims against these defendants. *Id.* at 15-17, 20. The claims for battery and excessive force in violation of Louisiana law were dismissed as duplicative with Magee's § 1983 excessive force claims. *Id.* at 17-18. Finally, the procedural due process claims for denial of bail were dismissed because there was no evidence to suggest defendants were unduly involved with the denial of bond/bail. *Id.* at 20-24.

On September 14, 2015, Cox filed a motion for judgment on the pleadings or, alternatively, a motion for summary judgment. Rec. Doc. 39. On October 28, 2015, this court granted the motion and dismissed plaintiff's claims against Cox with prejudice. Rec. Doc.

3

54. Specifically, we found that plaintiff's claims for false arrest and imprisonment and for free speech retaliation were barred by *Heck*. *Id.* at 10-15. Magee's claims for excessive force failed because they did not show how Cox was "causally connected" to the claim. *Id.* at 15-16. Finally, Magee's claims for battery and excessive force under Louisiana law were dismissed as duplicative. *Id.* at 16-17. Magee appealed the Order and Reasons. Rec. Doc. 56.

On December 9, 2015, this court granted Magee's motion to stay pending the outcome of the appeals (Rec. Docs. 40, 56). Rec. Doc. 58. On January 22, 2016, the Fifth Circuit found that it lacked jurisdiction over the appeals, because this court had not disposed of all claims and parties before the appeals were filed. Rec. Doc. 59 at 2. On March 17, 2016, the stay was lifted, and trial was set for March 17, 2017. Rec. Doc. 63.

On December 29, 2016, a second motion for summary judgment was filed by defendant officers and defendants Haley, Miller, and Seal. Rec. Doc. 76. On March 9, 2017, this court granted the second motion for summary judgment in part by dismissing with prejudice the claims for inadequate medical care because Magee failed to (1) allege a proper claim for unconstitutional conditions of confinement or a sufficiently serious injury; or (2) submit material evidence of deliberate indifference. Rec. Doc. 88. This court further ordered that the claim for excessive force survived. Id.

On March 24, 2017, a joint stipulation of dismissal of claims against Officers Brumfield, Nesmith, and Miller was filed. Rec. Doc. 112. A jury trial begun on March 27, 2017 and ended on March 28, 2017. Rec. Doc. 115 and 116. This court entered a final judgment in favor of all defendants dismissing all claims pursuant to the jury verdict, Order and Reasons granting Reed's motion to dismiss, Order and Reasons granting Cox's motion for judgment on the pleading and the joint stipulation of dismissal against Brumfield, Nesmith and Miller. Rec. Doc. 121.

On April 27, 2017, Magee appealed the Order and Reasons granting Reed's motion to dismiss for failure to state a claim, the final judgment, and the Order and Reasons granting Cox's motion for judgment on the pleadings. Rec. Doc. 122. On January 30, 2019, the Fifth Circuit reversed the judgment as to the claims against Reed (in both his official and personal capacitates) for false imprisonment, free speech retaliation and procedural due process violations, and against Cox for free speech retaliation. Rec. Doc. 132. The Fifth Circuit remanded the case for further proceedings and found that *Heck* did not bar the free speech retaliation claim against Cox and the free speech retaliation and false imprisonment claims against Reed. The Circuit reasoned that those claims stem not from the arrest but from the denial of bail. Id. at 4. The Fifth Circuit further found error in dismissing the procedural due process claim against Reed by resolving a genuine dispute of

5

material fact at the summary judgment stage. Id. at 5. Jury trial was set for November 11, 2019 but was later continued to March 5, 2020 by order granting a motion to continue. Rec. Doc. 136, 149, and 150.

Defendant, Reed (in his official capacity), filed the instant motion for summary judgment alleging that discovery completed since remand shows there is no genuine issue of material fact. Rec. Doc. 192-17. Defendants, Jerry Wayne Cox and Walter P. Reed, in his individual capacity, adopted Walter P. Reed's, in his official capacity, motion for summary judgment. Rec. Doc. 204 and 205. Plaintiff filed a response in opposition arguing that there is a genuine issue of material fact which requires the case to proceed to trial. Rec. Doc. 202. Defendant Reed, in his official capacity, filed a reply reasserting that there is no genuine issue of material fact and alleging that plaintiff's facts are not based on established facts. Rec. Doc. 215. Defendant Cox filed a reply adopting Reed's , in his official capacity, reply memorandum and asserting that there is no genuine issue of material fact based upon the discovery completed. Rec. Doc. 218. Defendant Reed, in his individual capacity, filed a reply adopting a prior reply memorandum, asserting that there is no evidence that he made a threat to Magee. Rec. Doc. 220. Reed's reply further asserts that Magee was not involved in his federal prosecution and that he is entitled to absolute and qualified immunity. Id. Magee filed a

surreply arguing that the motion for summary judgment should be denied based on the evidence submitted. Rec. Doc. 223.

**LAW AND ANALYSIS**

a. **Summary Judgment standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All reasonable inferences must be drawn in favor of the nonmovant, but "a party cannot defeat

summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

### b. **Review after Fifth Circuit Remand**

The first issue concerns the standard to be applied to the current motion because the Fifth Circuit has already reviewed and remanded the case on specific claims. The parties disagree as to the standard to be applied. The plaintiff asserts that the "law of the case" doctrine applies because the present case was remanded by the Fifth Circuit. Rec. Doc. 202 at 7. Defendants argue the "law of the case" doctrine does not apply because the Fifth Circuit made no findings as to the merits of the case. Doc. 215 at 2. Defendants asserts that the Fifth Circuit only reversed this court's dismissal and remanded for further proceeding. Id. Defendant, Cox, specifically argues that the "law of the case" doctrine only applies to matters fully litigated and the matter remanded was not fully litigated. Rec. Doc. 218 at 6.

In *Cooper Tire & Rubber Co. v. Farese*, the Fifth Circuit explained the law of the case doctrine stating:

> "The law of the case doctrine provides that a decision of a factual or legal issue by an appellate court establishes the law of the case and must be followed in all subsequent proceedings in the same case in the trial court...." *Lyons v. Fisher,* 888 F.2d 1071, 1074 (5th Cir.1989) (internal quotation omitted); *see also Knotts v. United States,* 893 F.2d 758, 761 (5th Cir.1990). Courts have the discretion to ignore the law of the case under certain narrow exceptions: "if substantially

> different evidence has been presented, there has been an intervening change in the law, or the prior decision was clearly erroneous and it would work a manifest injustice." *Browning v. Navarro,* 887 F.2d 553, 556 (5th Cir.1989). Absent such exceptions, the law of the case doctrine applies not only to things decided explicitly but also to matters settled "by necessary implication:" "those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case." *Office of Thrift Supervision v. Felt,* 255 F.3d 220, 225 (5th Cir.2001).

*Cooper Tire & Rubber Co. v. Farese*, 248 F. App'x 555, 558 (5th Cir. 2007).

Indeed, the Fifth Circuit has provided the law of the case here, and as such, it must be followed. The appellate court concluded that there are questions of fact as to whether a "DA Hold" actually exist and whether it was used to deny the plaintiff bail. *Magee v. Reed*, 912 F.3d 820, 823 (5th Cir. 2019). This court does have the discretion to ignore the law of the case, but only where an exception applies.

However, in this case none of the exceptions are applicable. There has been no intervening change in the law; the prior decision was not clearly erroneous that it would work a manifest injustice; nor has substantially different evidence been presented. The evidence defendants provide to support the present motions for summary judgment is the same or similar to the evidence they presented to the Fifth Circuit. The Fifth Circuit rejected defendants' approach, ultimately finding that Magee submitted

9

evidence to create a material factual dispute to Defendants' evidence. This court will not second guess the Fifth Circuit's decision.

It is clear from a reading of the Fifth Circuit's opinion that it addressed the §1983 claims against Reed, in both his official and individual capacity, for false imprisonment, free speech retaliation, and procedural due process and against Cox for free speech retaliation. Further, the Fifth Circuit's opinion explicitly addressed considerations of any additional evidence the defendants produced on the existence or lack thereof of a "D.A. Hold." Implicit in the Fifth Circuit's considerations were the issues of absolute and qualified immunity. Defendants argue that the only "holding" of the Fifth Circuit is with respect to Magee's claims not being *Heck* barred. However, there is adequate support that the Fifth Circuit considered whether immunity barred present claims. The issues of immunity were briefed by the parties to the Fifth Circuit and the Fifth Circuit still remanded specific claims against Reed in both his individual and official capacities, to this court. *Magee*, 912 F.3d at 822.

In *Knotts v. United States* , a personal injury claim under the Federal Tort Claims Act, the government asserted immunity as a defense. *Knotts v. United States*, 893 F.2d 758, 759 (5th Cir. 1990). The district court rejected immunity, found both the government and the plaintiff to be negligent, and apportioned 100%

10

of the fault to the victim. *Id.* On appeal, the government argued the district court's error in rejecting immunity. *Id.* In its decision, the Fifth Circuit did not expressly address the immunity argument but went on to vacate the judgment on other grounds, and it ordered reapportionment of fault. *Id.* In a second appeal, the government tried again to raise its immunity defense, but the Fifth Circuit held that the immunity defense was foreclosed by their decision in the prior appeal. *Id.* at 761. In so doing, the Fifth Circuit stated that although not expressly addressed in the prior opinion, the immunity defense was briefed and considered. *Id.* "[B]y remanding the case with instructions that the district court apportion fault ... we indicated, albeit tacitly, our rejection of the United States' claim of immunity." *Id.*

In this case, the Fifth Circuit reviewed the plaintiff's § 1983 claims against Reed, in both his official and individual capacities, for false imprisonment, free speech retaliation, and procedural due process violations. The Fifth Circuit reversed the dismissal and remanded for further proceeding. The Fifth Circuit implicitly settled on issues of absolute and qualified immunity by remanding the claims against Reed in both his official and individual capacities. As such, this court will follow the law of the case as provided by the Fifth Circuit. The Fifth Circuit found summary judgment was inappropriate when the claims against Reed

11

and Cox were originally dismissed and summary judgment remains inappropriate now.

New Orleans, Louisiana this 3rd day of March 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE